[Cite as *Magale v. Bur. of Motor Vehicles*, 2011-Ohio-1769.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KRISTEN MAGALE

      Plaintiff

      v.

BUREAU OF MOTOR VEHICLES

      Defendant

Case No. 2010-07296-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Kristen Magale, filed this action against defendant, Bureau of Motor Vehicles (BMV), alleging her driver's license was improperly recorded as suspended by BMV, which resulted in her car being impounded after a traffic stop by local police in April, 2010. Plaintiff, related, "[i]n November (2009) I received a ticket and forgot about it, got pulled over again in February (2010) told my license were suspended." Plaintiff noted that when she was stopped in February 2010 she received a ticket and her car was towed and impounded based on suspended license information supplied by BMV. Plaintiff advised she appeared in court in response to charges arising from the February 2010 traffic stop and "was informed I was fine and valid," apparently in regard to the license suspension issue. Plaintiff recalled she went to a local BMV registrar in April 2010 to change her name and was informed at that time that her driver's license was suspended. In response to this driver's license suspension information, plaintiff reported she telephoned a BMV office and "was informed that the BMV needed me to show proof of insurance." Plaintiff asserted she mailed proof of insurance to the BMV office in Youngstown, Ohio expecting her driver's license status

record to be cleared within six to ten business days after BMV received the proof of insurance information. Plaintiff stated, "[a]bout 3 weeks later (apparently April 28, 2010) I drove to school and was pulled over and told my license was suspended, got a ticket and my car towed." According to plaintiff, she went to a BMV office on April 29, 2010 and received "a letter saying I was valid and was told I was never informed that I was suspended until April, 2010 because the info was sent to the wrong address." Defendant had mailed plaintiff a notice of driver's license suspension letter to the last known address plaintiff had provided to BMV. Although, according to plaintiff, her driver's license suspension was based on a failure to show proof of financial responsibility (insurance), plaintiff maintained, "I have insurance and have had insurance the whole time." In her complaint, plaintiff pointed out her car was towed in April 2010 as a result of defendant's purported error in recording her driver's license as suspended and she therefore requested damages in the amount of $292.00 for towing and impound fees incurred. The filing fee was paid.

{¶ 2} Defendant acknowledged plaintiff's driver's license status was recorded as suspended for failure to show proof of financial responsibility when she was ticketed for speeding on November 25, 2009 and her subsequent court appearance in the Brecksville Mayor's Court on February 1, 2010 when she pled guilty to the speeding charge. Defendant asserted BMV acted properly in recording plaintiff's driver's license status based on information received. Defendant contended the sole cause of plaintiff's problems in regard to her driver's license suspension was plaintiff's own neglect in failing to provide an accurate mailing address to BMV.

{¶ 3} In the investigation report, defendant provided a chronology of events from November 25, 2009 to May 5, 2010, all in connection with plaintiff's driver's license record. Initially, defendant pointed out plaintiff received a ticket for speeding on November 25, 2009. This is the ticket plaintiff noted in her complaint that she "forgot about." At the time plaintiff received the speeding citation she was known as Kristen J. Jordan and her address was on file as 1456 S. Carpenter Road, Apt. 161, Brunswick, Ohio 44212. According to defendant, "[o]n December 10, 2009, the Brecksville Mayor's Court entered a declaration of forfeiture of Plaintiff's license for her failure to appear on the November 25, 2009 speeding charge" (copy submitted). The "Declaration of Forfeiture" listed plaintiff's address as 516 County Road 40, Sullivan, Ohio 44880. In

response to the "Declaration of Forfeiture" defendant, on January 20, 2010, mailed plaintiff a "notice of suspension" to the S. Carpenter Road address in Brunswick. Defendant contended plaintiff had a statutory duty under R.C. 4507.09(C)[1] to notify BMV of any address change within ten days after the address change. Apparently, as of January 20, 2010, plaintiff had not provided BMV with any notification regarding a change of address. Plaintiff did not dispute the fact she did not provide notice she had changed her address. Documentation has been submitted to indicate plaintiff's given address at the time she was ticketed on November 25, 2009 was "516 Co Rd 40, Sullivan, Ohio 44880."

**{¶ 4}** According to defendant's records (copies submitted), plaintiff was stopped on February 1, 2010 and charged with a seat belt violation and a driver's license misrepresentation and ordered to appear in the Brecksville Mayor's Court to answer these charges(February 2, 2010 appearance, convicted on both charges). Defendant noted, on that same day, February 1, 2010, plaintiff belatedly appeared in the Brecksville Mayor's Court and answered the November 25, 2009 speeding charge, entering a guilty plea. At that time, plaintiff also received a "Release of Forfeiture" (copy submitted) of her license from the Brecksville Mayor's Court. On February 2, 2010, plaintiff paid a license reinstatement fee to BMV in the amount of $25.00 and plaintiff's driver's license record was adjusted accordingly with an entry (copy submitted) providing for "the release and reinstatement on Plaintiff's record." Defendant related, as of February 2, 2010 when she remitted the reinstatement fee, her "driver's license was valid and she was not under any suspension."

**{¶ 5}** At sometime after February 1, 2010 defendant received an "Abstract of Court Record" (copy submitted) from the Brecksville Mayor's Court referencing plaintiff's conviction on the November 25, 2009 speeding charge. Contained on the "Abstract of Court Record" was a caption: "FINANCIAL RESPONSIBILITY PROOF SHOWN" containing boxes regarding "Yes" and "No" with the "No" box marked. Based on the information provided in the "Abstract of Court Record" regarding a failure to show proof of insurance, defendant sent plaintiff a "Notice of Suspension" of her driver's license on

---

[1] (C) Each person licensed as a driver under this chapter shall notify the registrar of any change in the person's address within ten days following that change. The notification shall be in writing on a form provided by the registrar and shall include the full name, date of birth, license number, county of residence, social security number, and new address of the person.

February 17, 2010. The February 17, 2010 "Notice of Suspension" was sent by regular mail to the S. Carpenter Road address in Brunswick. The mandatory suspension noted in this correspondence ran from March 19, 2010 to June 17, 2010. Defendant related, "[o]n March 4, 2010, BMV entered a change of address apparently received from Plaintiff changing her address from 1456 S. Carpenter Rd Apt. 161, Brunswick, Oh 44212 to 4540 Aspen Lake Dr Ste 312, Brunswick, Ohio 44216." Defendant advised BMV treats address changes in a prospective manner and does not search records to determine if any prior notices regarding license suspensions were mailed to a previous address on file. Defendant acknowledged plaintiff was stopped on April 28, 2010 and "charged with driving under suspension or revocation" based on information supplied by BMV. Defendant further acknowledged plaintiff provided proof of insurance to the BMV reinstatement office on April 29, 2010 resulting in her suspension being deleted from BMV files. Plaintiff's driving under suspension charge was subsequently dismissed when she appeared in the Brunswick Mayor's Court on May 5, 2010. Defendant denied acting improperly in recording plaintiff's driver's license as suspended or in mailing the "Notice of Suspension" to the S. Carpenter Road address in Brunswick.

{¶ 6} Defendant is required to give written notice of driver's license suspensions by regular mail sent to the last known address of the person whose license is suspended. *State v. May* (July 19, 1995), Ross App. 94CA2075. In the instant claim, evidence has shown BMV complied with the requisite notice provisions in mailing the February 17, 2010 "Notice of Suspension" letter to plaintiff's listed address in Brunswick, Ohio. The letter was mailed and not returned to BMV. Delivery can be presumed. No evidence has been offered to establish BMV failed to comply with the requirements for sending notice. See *Raheem v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2006-06043-AD, jud, 2007-Ohio-1987.

{¶ 7} Furthermore, plaintiff was charged with a statutory duty to notify BMV of any address change, within ten days after moving. There is no evidence plaintiff filed a change of address form. It has been previously held that a plaintiff who fails to notify BMV of a full address change as required by statute (see 4507.09(C)) is the sole and proximate cause of any failure of service and loss resulting from this real or perceived failure. See *Spinner v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2004-09401-AD, 2005-Ohio-2487; also *Fredrickson v. Ohio State Hwy. Patrol, et al.*, Ct. of Cl. No. 2005-04466-

AD, 2006-Ohio-7305.

{¶ 8} Considering the information available to defendant, insufficient evidence has been offered to show that BMV acted improperly in listing plaintiff's license as suspended. Resulting monetary damages are recoverable when plaintiff proves, by a preponderance of the evidence, defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. In the instant action, plaintiff has failed to prove that defendant erroneously recorded her driver's license status. In situations based on financial responsibility noncompliance, BMV may not bear liability for damages proximately caused from suspending a driver's license in reliance upon erroneous information supplied by a municipal court. *Sullivan v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2006-04393-AD, 2007-Ohio-1267. Defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2002), 2001-02104-AD, jud. Plaintiff is barred from recovery in situations where BMV performs statutory duties acting in reliance upon records supplied by a court. *Raheem*, Ct. of Cl. No. 2006-06043-AD, jud, 2007-Ohio-1987.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KRISTEN MAGALE

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

Case No. 2010-07296-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kristen Magale
4540 Aspen Lake Drive
Apt. 312
Brunswick, Ohio  44212

John R. Guldin
Associate Legal Counsel
Ohio Department of Public
Safety, Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio  43218-2081

RDK/laa
11/18
Filed 1/21/11
Sent to S.C. reporter 4/8/11